UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Gregg G. Hipple, et al,** **Civil No. 01-1131 (RHK/SRN)**

**Plaintiffs,**

v.

**ORDER**

**OrthAlliance, Inc.,**

**Defendant.**

---

Linda L. Holstein, Esq. and Anh R. Le, Esq., on behalf of Plaintiffs.

Lora Esch Mitchell, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on February 13, 2002, on Plaintiffs' Motion to Amend Complaint[1] (Doc. No. 19) and Defendant's Motion for Order to Postpone Depositions Until Motion to Amend is Decided (Doc. No. 24).

This written Order memorializes the oral Order given from the bench on February 13, 2002, at the completion of the hearing.

## I. MOTION TO AMEND COMPLAINT.

Plaintiff seeks to add Orthodontic Centers of America, Inc. (OCA) as a defendant in the present suit. Defendant became a wholly-owned subsidiary of OCA through their November 9,

---

[1]Plaintiffs originally sought to add a claim for punitive damages as well. At the February 13, 2002 hearing, however, Plaintiffs' counsel stated that Plaintiffs were withdrawing that claim for the time being, opting instead to bring it at a later date.

MAR 14 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2001 merger. Plaintiffs assert that because of the merger, OCA "is presumably liable for all of the debts and obligations of OrthAlliance, and presumably succeeded to OrthAlliance's assets." Moreover, Plaintiffs explain that OrthAlliance, "likely will not have the ability to make good on any judgment that Plaintiffs may obtain against it, including but not limited to recission or other equitable relief." Plaintiffs concede that they lack specific facts detailing the financial relationship between OCA and Defendant. They also concede that they lack specific knowledge of other pending lawsuits in which either OCA or Defendant have an interest. Plaintiffs assert, however, that from the time they were first aware that the merger was taking place, they served discovery requests directed at such information. In response, Plaintiffs state, Defendant merely provided them with the addresses of its website and of the Securities and Exchange Commission's website.

Plaintiffs further assert that OCA has an interest in the outcome of the present case, and consequently, is controlling large parts of the litigation. Plaintiffs conclude that these facts render OCA an indispensable party, and Federal Rule of Civil Procedure 19 requires that OCA be joined in this action. Alternatively, Plaintiffs argue that the Court should exercise its discretion under Federal Rule of Civil Procedure 20, and permit them to add OCA as a defendant.

Defendant asserts that the Court should deny Plaintiffs' motion. Defendant states that it and OCA are separate and distinct corporate entities, with no claims or questions of law or fact common to both of them. Defendant explains that although OCA is now the parent corporation of Defendant, OCA "did not assume liability for OrthAlliance's debts and obligations, nor did it acquire OrthAlliance's assets." Defendant states that OCA is a separate legal entity, and can only be held liable for the actions of its subsidiary if it is proven to be a mere instrumentality or alter

ego of the parent corporation. But according to Defendant, "Plaintiffs have submitted absolutely no evidence that OrthAlliance is merely a shell corporation or that it is simply OCA's alter ego." Defendant explains that Plaintiffs have merely alleged facts from their own "information and belief" to support their claim that OCA is an indispensable party. Defendant admits that it is a defendant in approximately 40 other pending lawsuits similar to the present one. Defendant also admits that the financial documents it has submitted to the Court to date, detail only its pre-merger condition. Defendant's counsel, however, offers to submit sufficient additional financial information to demonstrate that it is capable of satisfying a judgment, if one were rendered against it.

In addition, Defendant notes that even in Plaintiffs' proposed Second Amended Complaint, all of the claims are asserted against OrthAlliance rather than OCA. According to Defendant, this further demonstrates that there are no claims or questions of law or fact common to both OCA and OrthAlliance. Therefore, Defendant concludes that joinder is improper under any of the relevant Federal Rules of Civil Procedure.

The Court denies Plaintiffs' motion without prejudice. The Pretrial Scheduling Order in this case provides that all motions to amend the pleadings or add parties must have been served by January 15, 2002. The current situation is unusual, though, and the Pretrial Scheduling Order should not control the outcome of this issue. At this point there is insufficient information for the Court to grant Plaintiffs' motion, or deny it. But because of the deadline for amending the pleadings, Plaintiffs likely felt compelled to bring the instant motion prematurely.

Rather than requiring Plaintiffs to bring a motion to compel, the Court directs Defendant to produce financial documents relevant to piercing the corporate veil. In addition, a fuller

record is necessary to determine Defendant's financial ability to ultimately satisfy judgments in the approximately 40 pending cases against it.

Specifically, Defendant is directed to review the outstanding discovery requests served on it by Plaintiffs, and provide a complete set of documents which are responsive to the present motion, in order to demonstrate the relationship between the two companies. These will include tax returns, financial statements and any other relevant financial documents, whether or not they are public filings. If after reviewing these documents Plaintiffs determine that OCA should be a defendant, they are free to renew their motion.

**II DEFENDANT'S MOTION FOR ORDER TO POSTPONE DEPOSITIONS UNTIL MOTION TO AMEND IS DECIDED**

The Court denies Defendant's motion. Defendant's counsel explains that this motion was brought in order to determine whether OCA should participate in upcoming depositions. At the time Defendant filed its motion, the hearing date for Plaintiffs' motion to amend was March 6, 2002. Because the hearing date for Plaintiffs' motion was rescheduled, the Court was able to make a ruling on Plaintiffs' motion prior to the taking of the depositions. As a result, it is not necessary to postpone the depositions. Therefore, the Court denies Defendant's motion.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiffs' Motion to Amend Complaint (Doc. No. 19) is **DENIED WITHOUT PREJUDICE**;

(2) Defendant's Motion for Order to Postpone Depositions Until Motion to Amend is Decided (Doc. No. 24) is **DENIED**.

Dated: March 13, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge